**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| D'AARON WILLIAMS, # 20120811136, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1359-JPG |
| | ) | |
| OFFICER GORDEN, | ) | |
| JOHN DOE 1 (LT.), | ) | |
| JANE DOE 1 (LT.), | ) | |
| and JOHN DOE 2 (OFFICER), | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was in custody at the Jefferson County Jail. Plaintiff claims that Defendants mishandled his outgoing mail – both personal and legal. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.  However, the case shall not be dismissed before Plaintiff has the opportunity to submit an amended pleading.

## The Complaint

While Plaintiff was an inmate at the Jefferson County Jail ("the Jail"), he learned from another prisoner (Allen) that a letter Plaintiff had written to his family was instead delivered to Allen's family member.  (Doc. 1, p. 6).  The problem was discovered when Allen's relative opened the envelope sent to her from the jail, and found Plaintiff's letter inside.  Plaintiff called his relative (the intended recipient of his letter) and found that she had received an empty

envelope from the Jail.  Officer Gorden told Plaintiff that she had logged his mail on the night it was sent out.  (Doc. 1, p. 1).  Plaintiff filed a grievance over the mis-delivered letter.  (Doc. 1, p. 6).  Lt. John Doe #1 responded to Plaintiff's grievance.  (Doc. 1, p. 2).

Concerned about the mishap with his personal letter, Plaintiff wrote grievances about 2 legal letters he had recently sent.  One letter was directed to this Court, and the other was to the Office of Professional Review.  (Doc. 1, p. 2).  Plaintiff had given these legal letters to Officer John Doe #2 to be logged and mailed; this Officer told Plaintiff that he had put the letters in the outgoing mail area.  (Doc. 1, p. 4).  However, after Plaintiff filed his grievance, he was told (apparently by Lt. Jane Doe #1) that those legal letters were never logged by Jail employees. (Doc. 1, p. 2).   Nobody at the Jail could tell Plaintiff what became of them.  The legal mail was never found.  (Doc. 1, p. 6).

As relief, Plaintiff asks for the Jail's mail procedures to be improved or stopped altogether.  He seeks compensatory damages for the Defendants' carelessness, negligence, and misuse of information; the deprivation of contact with the outside world; and loss of his property. (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:**  First Amendment claim against Officer Gorden and Lt. John Doe #1, for the mishandling of Plaintiff's personal outgoing letter;

**Count 2:**  First Amendment claim against Officer John Doe #2 and Lt. Jane Doe #1, for the mishandling and loss of Plaintiff's two outgoing legal letters;

**Count 3:**  Fourteenth Amendment claim against all Defendants for the loss of Plaintiff's property (his three letters).

All counts shall be dismissed for failure to state a claim upon which relief may be granted.  However, Plaintiff shall be allowed an opportunity to submit an amended complaint as to Count 2, in order to state any facts that would support a constitutional claim with regards to the mishandling of his legal mail.

### Dismissal of Count 1 – Personal Mail

Inmates have a First Amendment right both to send and receive mail.  *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).  However, a sporadic disruption of mail service will not violate the Constitution.  Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery.  *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment."(citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))).

In Plaintiff's case, he suffered only one incident where a personal letter was mishandled.  Due to Officer Gorden's error, Plaintiff's letter was not delivered to its intended destination, but ended up in an envelope that was sent to another inmate's family member.  This one-time problem, distressing as it was to Plaintiff, does not rise to the level of a "continuing pattern."  It is not sufficiently serious to amount to a constitutional violation.  Accordingly, **Count 1** shall be

dismissed for failure to state a claim upon which relief may be granted.   Both Defendants associated with this claim (Gorden and Lt. John Doe #1) shall also be dismissed from the action.

### Dismissal of Count 2 – Legal Mail

A prisoner's legal mail is entitled to greater protection than his personal mail, "because of the potential for interference with his right of access to the courts."  *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d, 778, 782 (7th Cir. 1999)). Nonetheless, "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).  In order to state a claim for denial of access to the courts, an inmate must be able to show "some quantum of detriment caused by the challenged conduct of state [or jail] officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

Simple negligence on the part of a mailroom worker that results in a lost opportunity to litigate a matter will not support a claim for violation of the constitutional right to access the courts.  *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). However, an allegation that a defendant acted deliberately or recklessly in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to state a civil rights claim.  *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999).

Here, Plaintiff identifies 2 pieces of mail that were not delivered because of the action or inaction of Officer John Doe #2, who received the mail from Plaintiff.  The loss of 2 pieces of

legal mail may be characterized as an "isolated incident" that would not support a claim. The Court shall not draw this conclusion at this time, however, based on the limited information in the Complaint. Further, it is not clear whether the 2 letters – one directed to the Clerk of this Court, and the other addressed to the "Office of Professional Review" (which Plaintiff does not further identify) – may qualify as "legal" mail related to pending or potential litigation, or an attempt to obtain legal representation. Finally, Plaintiff's statement of claim contains no information to indicate whether the loss of these 2 envelopes had any detrimental effect on his ability to meet a deadline or otherwise pursue litigation.

Because the Complaint lacks this important information regarding the lost correspondence, the Court is unable to evaluate whether he may have a viable constitutional claim for denial of access to the courts as a result of the two lost letters. Therefore, Plaintiff shall have an opportunity to submit an amended pleading in order to present any facts which may support the claim in **Count 2** that he was denied access to the courts. In the amended complaint, Plaintiff should give some description of the purpose and contents of the letters he attempted to mail, and explain any harm he suffered as a result of the loss of those envelopes.

### Dismissal of Count 3 – Loss of Property

Typically, an inmate whose personal property is lost or destroyed due to the actions of jail officials cannot maintain a constitutional claim. The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of

damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Because Plaintiff has the opportunity to bring a claim for damages for the loss of his property (the letters) in state court, he cannot pursue this claim in federal court.  Therefore, **Count 3** shall be dismissed for failure to state a constitutional claim upon which relief may be granted.

Because each of the 3 counts above shall be dismissed, Plaintiff's complaint (Doc. 1) shall also be dismissed without prejudice.  However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to include allegations relating to **COUNT 2 only**, to correct the deficiencies in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

### Injunctive Relief - Mootness

"[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Plaintiff's request for an order requiring changes in the Jail's mail-handling procedures is now moot, since he is no longer confined there.  Even if Plaintiff submits a viable amended complaint, it would not be proper for this Court to consider injunctive

relief unless Plaintiff can show a realistic possibility that he would again be incarcerated at the Jefferson County Jail under the conditions described in the complaint. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## **Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 7). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not indicate that he has made any efforts to secure counsel.  (Doc. 7, p. 1).  In the absence of any information, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff's motion includes no information about his education background.  His stated reasons for needing counsel are that the issues in his case are complex and he has limited access to the law library; he has limited knowledge of the law; another inmate prepared his complaint and has now departed; and Plaintiff is taking pain and psychiatric medications that affect his thinking.  At this stage of the case, however, all that is required is for Plaintiff to include more factual content regarding the lost "legal" correspondence described in **Count 2**, and any consequences that affected his pending or prospective litigation.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge (or access to a law library) is required to set them down on paper.   Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 7) is **DENIED** without prejudice.  The Court will remain open to appointing counsel as the case progresses.

### <u>Disposition</u>

**COUNTS 1, 2, and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Because each of these counts has been dismissed, the Complaint (Doc. 1) is also **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **GORDEN** and **LT. JOHN DOE #1** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before

**April 21, 2017**).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 16-cv-1359-JPG.  The amended complaint shall be limited to the claim described in **COUNT 2** above.  Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the alleged constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims in **Count 2** and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2017**

*s/J. Phil Gilbert*
United States District Judge